IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rita RADABAUGH

    Plaintiff,

vs.                                                              Civil Action No.  C-1-01-705

CONTINENTAL CASUALTY COMPANY,                Judge:  Hon. Susan J. Dlott

    Defendant.

---

**DEFENDANT CONTINENTAL CASUALTY COMPANY'S
MOTION TO STRIKE EXHIBITS 15, 16, 17, AND 23 TO
PLAINTIFF'S SUBMISSION OF ADDITIONAL EVIDENCE**

Now comes Defendant, Continental Casualty Company (hereinafter "Continental Casualty"), by and through counsel, and respectfully moves this Court for an Order Striking Exhibits 15, 16, 17 and 23 attached to Plaintiff's Submission of Additional Evidence. In permitting Plaintiff to submit additional evidence outside the administrative record in this case, this Court expressly prohibited Plaintiff from submitting any medical evidence created after October 31, 2000. Because Exhibits 15, 16, 17, and 23 all evidence medical examinations and procedures conducted after October 31, 2000, this Court should strike those exhibits. The particular reasons for the instant motion are more fully set forth in the attached Memorandum in Support.

Respectfully moved,

*/s/ Philip F. Brown*
Philip F. Brown (0030809) pbrown@rrcol.com
Michael E. Heffernan (0069851) mheff@rrohio.com
Brenner, Brown, Golian & McCaffrey Co., LPA
2109 Stella Court
Columbus, Ohio 43215
(614) 258-6000
(614) 258-6006 fax
Trial Counsel for Defendant

**MEMORANDUM IN SUPPORT**

By way of background, Plaintiff filed the instant action in the Scioto County Court of Common Pleas of Ohio on September 28, 2001. (Complaint) Subsequently, Continental Casualty removed the action to this Court on the basis of federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §1001, *et seq*. (Notice of Removal) Plaintiff has conceded that her claim arises under ERISA. (Plaintiff's Motion for Summary Judgment)

After the parties filed cross motions for judgment, this Court ordered that such motions be held in abeyance in order to permit Plaintiff to "submit any additional medical evidence **created prior to October 31, 2000** in support of her claim that she was disabled under the Plan." (Order, p. 20) Plaintiff subsequently filed her Submission of Additional Evidence. (Submission of Additional Evidence) Included with that Submission was a MRI of the cervical spine performed June 13, 2001 (Exhibit 15), a report from Dr. Hawk dated September 4, 2001 (Exhibit 16), a report from Dr. Malaya dated June 5, 2002 (Exhibit 17), and a report from Dr. Welsh dated November 15, 2001 (Exhibit 23). (Submission of Additional Evidence)

In reaching its decision to permit Plaintiff to submit additional evidence prior to October 31, 2000, this Court noted, "Generally, the Court is only to consider the facts known to the plan administrator at the time it made the benefits decision." (Order, p. 17) However, this Court found that it could consider additional evidence "when consideration of that evidence is necessary to resolve an ERISA claimant's charge that the administrator failed to afford the claimant due process." (Order, p. 17) Because this Court found that Continental Casualty failed to adequately notify Plaintiff as to the type of evidence necessary to support her claim, this Court permitted only any additional medical evidence "**created prior to October 31, 2000**" to be submitted. (Order, p. 20) This Court further indicated that Plaintiff could submit affidavits from her physicians "but any such affidavits must be limited to explaining the **evidence in existence prior to October 31, 2000**." (*Id.*)

3

This Court limited such evidence to that created before October 31, 2000 because Plaintiff's appeal was denied on that date. (Administrative Record ["AR"], pp. 74-75) The evidence to be considered by the Court in making a decision as to whether to uphold a denial of benefits under ERISA is the record before the administrator at the time the claims decision was made. **_Miller v. Metropolitan Life Ins. Co._**, **925 F.2d 979 (6th Cir. 1991)**, **_Perry v. Simplicity Engineering, Inc._**, **900 F.2d 963 (6th Cir. 1990)**. As such, because the appeal was denied October 31, 2000, it is clear that Plaintiff could never have submitted any evidence to the administrator created after that date. Accordingly, this Court consequently limited the submission of additional evidence to evidence created prior to that date.

Exhibits 15, 16, 17 and 23 to Plaintiff's Submission of Additional Evidence were clearly created after October 31, 2000. As such, they could never have been presented to the administrator for review, as the appeal process ended on that date. Because ERISA law mandates that the evidence to be considered be limited to the administrative record and because this Court expressly limited Plaintiff to producing evidence created prior to the close of the administrative process, this Court should strike Exhibits 15, 16, 17, and 23 attached to Plaintiff's Submission of Additional Evidence and refuse to consider such evidence in determining whether Continental Casualty's decision was rational under the arbitrary and capricious standard of review.

Plaintiff should not be permitted to disregard the procedures and limitations on evidence established by this Court. Thus, the Court should strike the Exhibits 15, 16, 17 and 23 to Plaintiff's Submission of Additional Evidence. For these, and all of the foregoing reasons, Defendant respectfully moves the Court to grant the instant Motion to Strike.

        Respectfully submitted,

        */s/ Philip F. Brown*
        Philip F. Brown (0030809) pbrown@rrcol.com
        Michael E. Heffernan (0069851) mheff@rrohio.com
        Brenner, Brown, Golian & McCaffrey Co., LPA
        2109 Stella Court
        Columbus, Ohio 43215
        (614) 258-6000
        (614) 258-6006 fax
        Trial Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2003, a copy of the foregoing Motion to Strike Exhibits 15, 16, 17, and 23 to Plaintiff's Submission of Additional Evidence was filed electronically. Notice of this filing will be sent to all parties listed below by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ Philip F. Brown*
        Philip F. Brown
        Michael E. Heffernan

Franklin T. Gerlach
814 Seventh Street
Portsmouth, Ohio 45662
Attorney for Plaintiff